## DUNNAHOE VS. WILLIAMS.

The vendor is not a competent witness for his vendee. (*Lindsey vs. Lamb, ante.*)

Though one of several instructions be too limited, yet if taken in connection with the others they express the law, the party is not injured.

If the use of the plaintiff's property, while in possession of the defendant, is worth any thing, the jury may estimate its value by way of damages to the plaintiff in replevin.

The wife has no legal authority to dispose of the husband's property by sale or otherwise, and to bind him by a contract without a power from him, or his subsequent approval or ratification.

No demand is necessary before suit, where the defendant has converted the plaintiff's property to his own use. (3 *Eng.*, 510; 6 *Eng.*, 249; 17 *Ark.*, 155.)

A new trial will not be granted on the ground of surprise, unless the party brings himself within the rule established for granting a new trial in such case, and unless the evidence to be produced will avail him on a new trial.

## Appeal from Hot Spring Circuit Court.

Hon. LIBERTY BARTLETT, Circuit Judge.

GARLAND, WHITE & NASH, for the appellant.

Request and demand of the property before suit is necessary. *Storm vs. Livingston*, 6 *John.*, 44; *Barrett vs. Warren*, 3 *Hill*, 348. When the possession was rightful at its inception, the plaintiff in replevin must make a demand before bringing his suit. *Gilchrist vs. More*, 7 *Clark*, 9; *Newman vs. Jonne*, 47 *Maine*, 520. See also, *Pirani vs. Barden*, 5 *Ark.*, 81; *Beebe vs. DeBaun*, 3 *Eng.*; *Hill vs. Robinson*, 16 *Ark.*, 90. We submit that the opinion in *McNeill vs. Arnold*, 17 *Ark.*, 154, is not law. Dunnahoe, so far as appears in the record, was an innocent purchaser, and if demand is ever necessary it must be in a case like this.

ENGLISH and STEWART for the appellee.

Holloway was liable to Dunnahoe, his vendee, upon an implied warranty of title (2 *Kent's Com.*, marg., *p.* 478;) and hence an incompetent witness. *Arnold et al. vs. McNeill*, 17 *Ark.*, 185; *Meek vs. Walthall*, 20 *Ark.*, 648; *Leach vs. Fowler's Dev.*, 22 *Ark.*, 147.

It is too familiar an elementary rule of law to require a citation from the books that the wife has no legal authority to dispose of the husband's property by sale or pledge, and bind him by the contract without a power from him or his subsequent approval or acquiescence.

There is no pretence that the defendant was a bailee, but he claimed the property in his own right as purchaser, and hence no

demand upon him was necessary before suit.  3 *Eng. R.*, 510; 6 *Eng.*, 249; 17 *Ark.*, 155.

Mr. Justice CLENDENIN delivered the opinion of the court.

The appellee, Nicholas T. Williams, brought his action of replevin in the Hot Spring circuit court, the issue was made and the cause tried by a jury, and verdict and judgment rendered for the plaintiff, and the case is brought to this court by appeal.

On the trial of the cause, after the plaintiff had introduced and closed his testimony, the defendant offered James Holloway as a witness, to whom the plaintiff objected upon the ground that said Holloway was an interested witness, which objection was overruled by the court, who stated (as recited by the bill of exceptions) that if the witness was incompetent, his testimony could be excluded afterwards.  The witness Holloway then stated, in substance, that he got the colt, the property in controversy, from the wife of the plaintiff, (who was in Texas,) in exchange for a yoke of oxen, and that he afterwards traded the colt to Dunnahoe, the defendant; on cross-examination he stated, that the plaintiff, after his return from Texas, offered to pay him twenty dollars, the amount at which the colt was valued at the time of the trade with Mrs. Williams, and demanded the colt which he refused to give up.  The plaintiff then introduced further testimony contradicting, in some respects, the testimony of Holloway, and explaining the character of the trade between Holloway and the wife of the plaintiff, which closed the testimony.  The plaintiff then moved the court to exclude the testimony of Holloway on the ground that he was an incompetent witness, which motion was sustained and the testimony of Holloway excluded.

We have thus briefly stated as much of the testimony in the case, as is necessary to enable us to review and decide upon the first point made in the assignment of errors.

It appears clear to us from the testimony of Hollway, that he sold the property in controversy to the defendant, and under the law as decided by this court at the present term in the case of

*Lindsey vs. Lamb,* Holloway, the vendor, was not a competent witness for his vendee, the defendant in this cause, and therefore the circuit court did not err in excluding his testimony from the jury.

We are now to consider the instructions in the case, to the giving and refusing of which the defendant excepted.

The instructions asked by the plaintiff are as follows:

1st. If the jury believe from the testimony that the horse in question is the property of the plaintiff, they will find for the plaintiff.

2d. If the jury believe from the evidence the use of the horse worth any thing, they will estimate its value in the way of damages for the plaintiff.

3d. If the jury believe from the testimony that the trade for the horse was made by the witness Holloway, with the plaintiff's wife, without the knowledge and consent of the plaintiff, her husband, such sale, unless subsequently approved and ratified by her husband, could not confer any title, and the jury must find for the plaintiff.

The instruction asked by the defendant was: "That if the jury find from the evidence that the plaintiff has failed to prove a demand from defendant Dunnahoe, previous to the suit they must find for defendant."

The court gave the instructions asked by the plaintiff, and refused to give that asked by defendant, but gave it with the addition that if "the jury believe from the evidence that the property had been converted by the defendant, a demand was not necessary."

We can see no serious objections to the instructions given at the instance of the plaintiff. The first instruction standing by itself is too limited, but taken in connection with the other instructions given, and the evidence, we cannot see that the defendant was prejudiced by it.

The second instruction was properly given.

The third instruction was also properly given.   There was evi-

dence before the jury (independent of that Holloway excluded) going to prove that Holloway came into possession of the property in controversy, by purchase, barter or pledge from plaintiff's wife, and that plaintiff did not ratify the transaction. It is a principle of law well established that the wife may act as the agent or attorney of her husband: and it is also well settled, that the wife has no legal authority to dispose of the husband's property by sale or exchange, and to bind him by the contract without a power from him, or his subsequent approval or ratification. *Reeve's Dom. Relations*, 79; *Chitty on Contracts, pages 165, 6 & 7, and authorities cited.* Such being our view of the law, there was no error in giving the third instruction of the plaintiff.

The refusal of the court to give the instruction asked by defendant, but giving it as modified by the court, was correct. The evidence in the case proved that Dunnahoe was in possession of the property, that he converted it to his own use, and used it as his own property. Hence no demand was necessary. See *Beebe vs. DeBaun*, 3 *English*, 510; *Prater ad. vs. Frazier & wife*, 6 *English*, 249; *McNeil vs. Arnold*, 17th *Ark.*, 155.

One of the grounds of the defendant's motion for a new trial in the court below, based on his affidavit, was " that he was taken by surprise, on account of the exclusion by the court of the testimony of Holloway, and permitting that of Mrs. Fountain to go to the jury, and that he believes he can procure other witnesses to prove the trade between the wife of plaintiff and Holloway." The defendant does not bring himself in his motion for a new trial within the established legal rules for granting new trials on the ground of surprise, or of newly discovered testimony, and under the ruling we have made in regard to the sale or transfer of the property by the wife of plaintiff to Holloway, such testimony could not avail him any thing on another trial.

We are therefore of the opinion that there was no error in the rulings and judgment of the circuit court, and the judgment of that court must be affirmed.